IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDA CLARK<br>　　　　　　　　Plaintiff,<br>　v.<br><br>J.C. PENNEY CORPORATION, INC.<br>Serve at: R/A The Corporation Company, Inc.<br>　　　112 SW 7th Street, Suite 3C<br>　　　Topeka, KS 66603<br>and<br><br>FLINT HILLS MALL, L.L.C.<br>Serve at: R/A The Corporation Company, Inc.<br>　　　112 SW 7th Street, Suite 3C<br>　　　Topeka, KS 66603<br><br>and<br><br>JOHN DOE,<br>Serve at:  Currently Unknown.<br>　　　　　　　　Defendants. | Case No. _____ |

## COMPLAINT

COMES NOW plaintiff Linda Clark by and through her undersigned counsel, and for her claims against J.C. Penney Corporation, Inc. ("JC Penney"), Flint Hills Mall, L.L.C. ("Flint Hills Mall"), and John Doe, alleges as follows:

### PARTIES, VENUE, AND JURIDICTION

1.　Plaintiff Linda Clark (hereinafter "plaintiff") is, and at all times relevant herein was, a Lyon County, Kansas resident over the age of eighteen (18) years.

2.　Defendant J.C. Penney Corporation, Inc., is a Texas corporation, authorized to conduct business in the State of Kansas, and may be served through its

Registered Agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas.

3. Defendant Flint Hills Mall, L.L.C. ("Flint Hills Mall"), is a Kansas Limited Liability Company, authorized to conduct business in the State of Kansas, and may be served through its Registered Agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

4. Defendant John Doe property management/maintenance company ("defendant John Doe"), the current identity of which is unknown, provided property management/maintenance to the J.C. Penney Store at all relevant times located at 1678 Industrial Road, Emporia, Kansas.

5. Upon information and belief and at all relevant times, defendant Flint Hills Mall owned, operated, and managed the property where the J.C. Penney store is located at 1678 Industrial Road, Emporia, Kansas.

6. Upon information and belief, defendant JC Penney leased the J.C. Penney Store from defendant Flint Hills Mall and operates and manages the J.C. Penney store located at 1678 Industrial Road, Emporia, Kansas.

7. Upon information and belief, defendants J.C. Penney and/or Flint Hills Mall hired John Doe property management company to provide property management services at the J.C. Penney store is located at 1678 Industrial Road, Emporia, Kansas.

8. Jurisdiction is proper in this Court pursuant to 28 U.S. Code Section 1332 in that plaintiff was injured in Kansas and there is diversity of citizenship between plaintiff and defendant J.C. Penny and the amount in dispute exceeds $75,000.00.

9. Venue is proper in this Court pursuant to 28 U.S. Code Section 1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in Lyon County, Kansas, located within the United States District Court for the District of Kanas, Kansas City Division, as plaintiff was first injured by the wrongful and negligent acts of defendants in Emporia, Lyon County, Kansas.

## ALLEGATIONS COMMON TO ALL COUNTS

10. On July 26, 2017, in the early afternoon, plaintiff and her daughter, Annette Barr went shopping at the J.C. Penny's store located 1678 Industrial Road, Emporia, Kansas (the "J.C. Penney store").

11. While walking through the J.C. Penny store, plaintiff stepped upon a portion of the floor that had a sticky adhesive material that was used to fasten a vinyl trim piece that bridged the carpeted area of the floor from the tiled area of the floor. Attached as **Exhibit No. 1** is a photograph of the dangerous and defective area that caused plaintiff to fall.

12. The vinyl trim piece was broken and elevated higher than intended with exposed adhesive on the bottom side of the trim piece which caused a fall hazard. The elevated and broken trim piece left an area of the trim piece and the tile flooring exposed with dangerous adhesive that was supposed to glue down the trim piece. Instead, the adhesive was exposed and able to stick to the shoes of anyone that stepped upon the adhesive material.

13.     While walking in a proper, foreseeable, and usual manner, plaintiff unexpectedly stepped upon the exposed adhesive material that caused her to plant her shoe onto the sticky vinyl flooring and trim piece (hereafter "defective flooring") resulting in plaintiff violently falling forward onto her knees and wrists and falling on her right side.

14.     As a direct and proximate result of the fall and the wrongful and negligent acts and/or omissions of defendants, plaintiff suffered severe, permanent and progressive injuries that caused the following damages:

    a. Plaintiff suffers and continues to endure severe, permanent and progressive injuries to her right knee, neck, spine, right and left arms, right and left wrists, right and left hands, right and left shoulders, and right lower extremity.

    b. Plaintiff has endured extensive medical care, treatment, and will require surgery to her right knee and hospitalization;

    c. Plaintiff has endured extensive medical care, treatment and surgery on her neck and back, hospitalization and physical therapy;

    d. Plaintiff has suffered and continues to endure severe and debilitating pain, weakness, and immobility in her right knee, back, neck, both wrists, both shoulders, both hands and both arms, requiring the use of prescription pain medications;

  e. Plaintiff was caused, and will in the future be caused, to incur and become liable for medical expenses together with mileage and travel expenses associated with that medical care and treatment;

  f. Plaintiff was caused to suffer past and future out of pocket expenses;

  g. Plaintiff was caused, and in the future will be caused, to suffer pain, suffering, permanent disability, disfigurement, and mental anguish; and

  h. Other damages, the nature and extent of which are not presently known.

15. Defendants each caused, or contributed to cause, the injuries sustained by plaintiff, and as such, the independent acts and/or omissions of defendants resulted in indivisible injuries to plaintiff.  As a result, defendants are jointly and severally liable for the injures to plaintiff.

16. Defendants, by and through their agents, and employees, knew, or by using ordinary care should have known, of the unsafe condition on their premises and/or created the unsafe condition on their premises.

## COUNT I
### (ALL DEFENDANTS-NEGLIGENCE)

17. Plaintiff incorporates paragraphs 1-16 of her Complaint as though fully set out herein.

18. Plaintiff was a customer of defendants JC Penney and Flint Hills Mall and John Doe because its store is open to members of the public, of which plaintiff is one, and defendants, owed a duty of care to plaintiff as a customer.

5

19. Defendants JC Penney, Flint Hills Mall and John Doe owed plaintiff, and other members of the public who shop at defendant JC Penney, a duty of care as a customer to properly test, inspect, maintain, repair, and clean the defective flooring.

20. Defendants assumed a duty of care to ensure the defective flooring was clear, safe, and non-defective for plaintiff and other members of the public on July 26, 2017.

21. Defendants failed to use ordinary care in its ownership, management, inspection, maintenance, cleaning, repair, care and control of its walkways, including the defective flooring, in at least the following respects:

    a. Negligently failing to post or place warning, pylons, tape, barricades, or other warnings or protective devices to draw attention to the defective flooring; and/or

    b. Negligently failing to properly or adequately inspect, manage, monitor, control, repair, and maintain the defective flooring; and/or

    c. Negligently failing to remove and repair the defective flooring thereby endangering the public; and/or

    d. Negligently failing to ensure proper training of its staff with regards to cleaning, inspecting, repairing, and maintaining the defective flooring; and/or

    e. By negligently failing to have proper safeguards in place to repair the defective flooring thereby endangering plaintiff and the public; and/or

f. By carelessly and negligently failing to properly clean, inspect, repair, and maintain the defective flooring in a manner that violated defendants' policies and procedures; and/or

g. By negligently failing to have its employees, agents and/or representatives coordinate their efforts to identify, repair, remedy, barricade against, or warn of the defective condition on the floor; and/or

h. By negligently failing to use proper equipment, cleaning materials, and safety materials to properly insure that the defective flooring was safe for the general public; and/or

i. By negligently failing to create adequate and appropriate policies and procedures to address the defective conditions relating to the floor where plaintiff fell; and/or

j. By negligently failing to adequately and properly hire, train, and supervise sufficiently skilled employees to appropriately respond to the defective conditions posed by the floor where plaintiff fell; and/or

k. By negligently failing to follow industry standards for cleaning, inspecting, repairing, maintaining, and preventing a defective floor in a commercial business; and/or

l. By negligently failing to follow any applicable local and/or state rules, regulations, and/or ordinances for cleaning, inspecting, repairing, maintaining, and preventing a defective floor in a commercial business.

22. Defendants created the defective condition of the floor where plaintiff fell, and it was not a natural condition of the floor. Defendants knew or should have known of the defective condition in advance of plaintiff's injuries and failed to remedy, barricade against, or warn of the defective condition.

23. Defendants had actual and constructive notice of the defective condition.

24. As a direct and proximate result of defendants' negligence, plaintiff planted her foot and/or tripped on the defective flooring resulting in personal injuries.

25. As a direct and proximate result of defendants' failures to exercise ordinary and reasonable care in the ownership, control, cleaning, inspecting, repair and maintenance of the defective flooring, plaintiff was caused to suffer, and will continue to incur and suffer, injuries and damages as outlined in ¶14(a)-(h), which is incorporated by reference as though set forth fully herein.

WHEREFORE, plaintiff Linda Clark prays for judgment against defendants J.C. Penney Corporation, Inc., Flint Hills Mall, L.L.C., and John Doe, for actual damages in a sum in excess of $75,000.00 to compensate her for her substantial past and future damages, for her costs herein incurred, and for such other and further relief as this Court deems just and proper.

### COUNT II – PREMISES LIABILITY
### (NEGLIGENCE OF DEFENDANT J.C. PENNEY CORPORATION, INC. AND ITS AGENT DEFENDANT JOHN DOE)

26. Plaintiff incorporates paragraphs 1-25 of her Complaint as though fully set out herein.

27. Plaintiff was an invitee/customer of defendant J.C. Penney Corporation, Inc., as it is open to members of the public, of which plaintiff is one, and defendant J.C. Penney owed a duty of care to plaintiff as an invitee/customer.

28. Defendant JC Penney and its agents, including defendant John Doe if it was hired by defendant JC Penney to maintain the premises, owed plaintiff, and other members of the public who shop at defendant JC Penney, a duty of care as a customer to properly test, inspect, repair, maintain, and clean the defective flooring.

29. Defendant JC Penney and its agents, including defendant John Doe, assumed a duty of care to ensure the floor was clear, safe, and non-defective for plaintiff and other members of the public on July 26, 2017.

30. Defendant JC Penney and its agents, including defendant John Doe, failed to use ordinary care in its ownership, management, inspection, repair, maintenance, cleaning, care and control of its floors, including the defective flooring, in at least the following respects:

   a. Negligently failing to post or place warning, pylons, tape, barricades, or other warnings or protective devices to draw attention to the defective flooring; and/or

   b. Negligently failing to properly or adequately inspect, manage, monitor, control, repair, and maintain the defective flooring; and/or

   c. Negligently failing to remove and repair the defective flooring thereby endangering the public; and/or

 d.  Negligently failing to ensure proper training of its staff with regards to cleaning, inspecting, repairing, and maintaining the defective flooring; and/or

 e.  By negligently failing to have proper safeguards in place to repair the defective flooring thereby endangering plaintiff and the public; and/or

 f.  By carelessly and negligently failing to properly clean, inspect, repair, and maintain the defective flooring in a manner that violated defendants' policies and procedures; and/or

 g.  By negligently failing to have its employees, agents and/or representatives coordinate their efforts to identify, repair, remedy, barricade against, or warn of the defective condition on the floor; and/or

 h.  By negligently failing to use proper equipment, cleaning materials, and safety materials to properly insure that the defective flooring was safe for the general public; and/or

 i.  By negligently failing to create adequate and appropriate policies and procedures to address the defective conditions relating to the floor where plaintiff fell; and/or

 j.  By negligently failing to adequately and properly hire, train, and supervise sufficiently skilled employees to appropriately respond to the defective conditions posed by the floor where plaintiff fell; and/or

 k.  By negligently failing to follow industry standards for cleaning, inspecting, repairing, maintaining, and preventing a defective floor in a commercial business; and/or

l. By negligently failing to follow any applicable local and/or state rules, regulations, and/or ordinances for cleaning, inspecting, repairing, maintaining, and preventing a defective floor in a commercial business.

31. Defendant JC Penney and its agents, including defendant John Doe, created the defective condition of the defective flooring, and it was not a natural condition of the flooring. Defendant JC Penney and its agents, including defendant John Doe, knew or should have known of the defective condition in advance of plaintiff's injuries and failed to remedy, barricade against, or warn of the defective condition.

32. Defendant JC Penney and its agents, including defendant John Doe, had actual and constructive notice of the defective condition.

33. As a direct and proximate result of defendant J.C. Penney and its agents' negligence, including defendant John Doe's negligence, plaintiff planted her foot and/or tripped on the defective flooring resulting in personal injuries.

WHEREFORE, plaintiff Linda Clark prays for judgment against defendant J.C. Penney Corporation, Inc. for its negligence and the negligence of its agents, including defendant John Doe, for actual damages in a sum in excess of $75,000.00 to compensate her for her substantial past and future damages, for her costs herein incurred, and for such other and further relief as this Court deems just and proper.

**COUNT III – PREMISES LIABILITY**
**(NEGLIGENCE OF DEFENDANT FLINT HILLS MALL L.L.C. AND ITS AGENT DEFENDANT JOHN DOE)**

34. Plaintiff incorporates paragraphs 1-33 of her Complaint as though fully set out

herein.

35. Plaintiff was an invitee/customer of defendant Flint Hills Mall, as it is open to members of the public, of which plaintiff is one, and defendant Flint Hills Mall owed a duty of care to plaintiff as an invitee/customer.

36. Defendant Flint Hill Mall and its agents, including defendant John Doe if it was hired by defendant Flint Hill Mall to maintain the premises, owed plaintiff, and other members of the public who shop at defendant Flint Hill Mall, a duty of care as a customer to properly test, inspect, repair, maintain, and clean the defective flooring.

37. Defendant Flint Hill Mall and its agents, including defendant John Doe, assumed a duty of care to ensure the floor was clear, safe, and non-defective for plaintiff and other members of the public on July 26, 2017.

38. Defendant Flint Hill Mall and its agents, including defendant John Doe, failed to use ordinary care in its ownership, management, inspection, repair, maintenance, cleaning, care and control of its floors, including the defective flooring, in at least the following respects:

    a. Negligently failing to post or place warning, pylons, tape, barricades, or other warnings or protective devices to draw attention to the defective flooring; and/or

    b. Negligently failing to properly or adequately inspect, manage, monitor, control, repair, and maintain the defective flooring; and/or

    c. Negligently failing to remove and repair the defective flooring thereby endangering the public; and/or

    d.  Negligently failing to ensure proper training of its staff with regards to cleaning, inspecting, repairing, and maintaining the defective flooring; and/or

    e.  By negligently failing to have proper safeguards in place to repair the defective flooring thereby endangering plaintiff and the public; and/or

    f.  By carelessly and negligently failing to properly clean, inspect, repair, and maintain the defective flooring in a manner that violated defendants' policies and procedures; and/or

    g.  By negligently failing to have its employees, agents and/or representatives coordinate their efforts to identify, repair, remedy, barricade against, or warn of the defective condition on the floor; and/or

    h.  By negligently failing to use proper equipment, cleaning materials, and safety materials to properly insure that the defective flooring was safe for the general public; and/or

    i.  By negligently failing to create adequate and appropriate policies and procedures to address the defective conditions relating to the floor where plaintiff fell; and/or

    j.  By negligently failing to adequately and properly hire, train, and supervise sufficiently skilled employees to appropriately respond to the defective conditions posed by the floor where plaintiff fell; and/or

    k.  By negligently failing to follow industry standards for cleaning, inspecting, repairing, maintaining, and preventing a defective floor in a commercial business; and/or

l.  By negligently failing to follow any applicable local and/or state rules, regulations, and/or ordinances for cleaning, inspecting, repairing, maintaining, and preventing a defective floor in a commercial business.

39. Defendant Flint Hill Mall and its agents, including defendant John Doe, created the defective condition of the defective flooring, and it was not a natural condition of the flooring.  Defendant Flint Hill Mall and its agents, including defendant John Doe, knew or should have known of the defective condition in advance of plaintiff's injuries and failed to remedy, barricade against, or warn of the defective condition.

40. Defendant Flint Hill Mall and its agents, including defendant John Doe, had actual and constructive notice of the defective condition.

41. As a direct and proximate result of defendant Flint Hill Mall and its agents' negligence, including defendant John Doe's negligence, plaintiff planted her foot and/or tripped on the defective flooring resulting in personal injuries.

WHEREFORE, plaintiff Linda Clark prays for judgment against defendant Flint Hill Mall, L.L.C. for its negligence and the negligence of its agents, including defendant John Doe, for actual damages in a sum in excess of $75,000.00 to compensate her for her substantial past and future damages, for her costs herein incurred, and for such other and further relief as this Court deems just and proper.

## COUNT IV – RES IPSA LOQUITOR
### (NEGLIGENCE OF DEFENDANT JC PENNEY CORPORATION, INC.)

42.    Plaintiff incorporates paragraphs 1-41 of her Complaint as though fully set out herein.

43.    Defendants JC Penney had care and control over the J.C. Penney store, including the defective flooring within the business where plaintiff was injured, located at 1678 Industrial Road, Emporia, Kansas.

44.    Defects on the subject flooring, caused grievous injury, and is the type of occurrence that does not ordinarily happen where those charged with care and control exercise due care.

45.    From the facts of the occurrence, and the reasonable inferences therefrom, such occurrence was directly caused by defendant JC Penney's negligence.

46.    But for the direct negligence of defendant JC Penney, plaintiff would not have suffered injuries and incurred damages as described in ¶14(a)-(h), which is incorporated by reference as though set forth fully herein.

WHEREFORE, plaintiff Linda Clark prays for judgment against defendant J.C. Penney Corporation, Inc., for actual damages in a sum in excess of $75,000.00 to compensate her for her substantial past and future damages, for her costs herein incurred, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff Linda Clark is entitled to and hereby requests a trial by jury on all Counts of her Complaint.

Respectfully submitted,

KREAMER KINCAID TAYLOR LIPSMAN ARNEY WAIT & BOTTARO, L.C.

*/s/ Patrick F. Bottaro*
Patrick F. Bottaro,     KS #23071
David S. Lockett ,     KS #22231
7450 W. 130th St, Suite 140
Overland Park, KS 66213
913-782-2350/Fax 913-782-2012
pbottaro@hrkklaw.com
dlockett@hrkklaw.com
ATTORNEYS FOR PLAINTIFF