# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDA CLARK, | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 19-2423-KHV |
| J.C. PENNEY CORPORATION, INC., et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

On July 23, 2019, Linda Clark filed suit against J.C. Penney Corp., Inc., Flint Hills Mall, LLC and John Doe – an unidentified property management company – alleging that she sustained injuries when she fell while shopping at a J.C. Penney store. Complaint (Doc. #2). Plaintiff asserts claims for negligence, premises liability and res ipsa loquitor. This matter is before the Court on Defendant J.C. Penney's Motion To Dismiss Under Rule 12(b)(1) And 28 U.S.C. § 1332 For Lack Of Subject Matter Jurisdiction And Suggestions In Support (Doc. #10) filed October 7, 2019. J.C. Penney seeks to dismiss this case pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction. In particular, J.C. Penney asserts that the Court lacks diversity jurisdiction because both plaintiff and Flint Hills Mall are citizens of Kansas. For reasons stated below, the Court sustains the motion.

## Factual Background

Highly summarized, plaintiff's complaint alleges as follows:

On July 26, 2017, while shopping at a J.C. Penney store in Emporia, Kansas, plaintiff stepped on a defective floor area which caused her to fall and sustain injuries.

In Count 1, plaintiff asserts that all defendants breached their duties to exercise ordinary care in ownership, management, inspection, maintenance, cleaning, repair and control of walkways. In Count 2, she largely repeats Count 1, but only as to J.C. Penney and John Doe. In Count 3, plaintiff again repeats Count 1, but only as to Flint Hills Mall and John Doe. In Count 4, she asserts res ipsa loquitor against J.C. Penney, i.e. that the flooring defect was the kind that does not ordinarily occur when a store owner exercises due care. Plaintiff asserts that defendants are jointly and severally liable for her injuries.

Plaintiff resides in Lyon County, Kansas. J.C. Penney is a Texas corporation that is authorized to conduct business in Kansas. Flint Hills Mall is a Kansas Limited Liability Company that is authorized to conduct business in Kansas. John Doe is an unidentified property management company that is authorized to provide maintenance and management services at the J.C. Penney store. Plaintiff asserts that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and plaintiff and J.C. Penney are citizens of different states.

In its motion to dismiss, J.C. Penney asserts that the Court lacks subject matter jurisdiction because plaintiff and Flint Hills Mall are both citizens of Kansas and thus the parties are not completely diverse. It further asserts that John Doe is likely also a citizen of Kansas. Accordingly, J.C. Penney requests that the Court dismiss this case in its entirety.

In response, plaintiff concedes that Flint Hills Mall is a non-diverse party that destroys complete diversity. She asserts, however, that it is a dispensable party and that to cure the jurisdictional defect, the Court may (and should) dismiss it as a defendant.

## Legal Standards

Because federal courts have limited jurisdiction, the law imposes a presumption against

jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). A federal court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss an action "at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff bears the burden of showing that jurisdiction is proper and must demonstrate that the Court should not dismiss the case. Marcus, 170 F.3d at 1309. Conclusory allegations of jurisdiction are not enough. Jensen v. Johnson Cty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993); Achee-Sharp v. Lenexa Real Estate Portfolio Partners, LLC, No. 19-2100-KHV, 2019 WL 6217048, at *1 (D. Kan. Nov. 21, 2019).

For the Court to have jurisdiction under 28 U.S.C. § 1332, complete diversity must exist between plaintiff and all defendants. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). The general rule is that the Court determines whether diversity jurisdiction exists at the time plaintiff filed her complaint. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). A well-established exception to this general rule is that under Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action" and at any point, the Court may dismiss a nondiverse party to cure a jurisdictional defect if the nondiverse party is dispensable. Fed. R. Civ. P. 21; Newman-Green, 490 U.S. at 832; Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs., 651 F.3d 1219, 1223 (10th Cir. 2011); Jett v. Phillips & Assocs., 439 F.2d 987, 989-90 (10th Cir. 1971) (court may drop nondiverse parties not essential to just and meaningful adjudication). To determine whether a party is indispensable, the Court evaluates the factors set forth in Rule 19(b), Fed. R. Civ. P., which are as follows: (1) to what extent a judgment in the person's absence might prejudice the person or those who are already parties; (2) the extent to which, by protective provisions in the judgment, the shaping of relief or other measures, the Court

can lessen or avoid any prejudice; (3) whether the Court can render an adequate judgment in the person's absence; (4) whether plaintiff will have an adequate remedy if the Court dismisses the action. Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1372-73 (10th Cir. 1998); see U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1496 (10th Cir. 1995) (discretionary relief of dismissing individual defendants to preserve jurisdiction requires showing that defendants are dispensable and that dismissal would not prejudice any party). "Whether a party is indispensable, considering the factors required under Rule 19(b), is a matter left to the district court's discretion." Lenon, 136 F.3d at 1371; CU Capital Mkt. Sols., LLC v. Olden Lane Sec., LLC, No. 18-2597-DDC, 2019 WL 2612940, at *9 (D. Kan. June 26, 2019).

## **Analysis**

Plaintiff asserts that Flint Hills Mall is a dispensable party that is not essential to a just and meaningful judgment and that discovery will reveal that J.C. Penney is the only real party in interest. According to plaintiff, J.C. Penney's answer supports her conclusion that Flint Hills Mall is a dispensable party because J.C. Penney admits that it had control over the store when plaintiff fell, did not file a cross-claim against Flint Hills Mall and did not assert a comparative fault defense against its co-defendants.[1] Plaintiff argues that the Court must therefore drop Flint Hills Mall as a defendant to perfect diversity.

J.C. Penney asserts that Flint Hills Mall, as the store owner, is an indispensable party and that its dismissal would prejudice J.C. Penney. It asserts that at this stage, it is not clear whether

---

[1] J.C. Penney did assert a comparative fault defense against plaintiff. Defendant J.C. Penney Corporation Inc.'s Answer And Affirmative Defenses (Doc. #7) filed September 6, 2019 at 4-5.

J.C. Penney, Flint Hills Mall or John Doe was responsible for maintaining the area where plaintiff allegedly fell, and that dismissal of Flint Hills Mall could cause inconsistent or duplicative judgments. J.C. Penney further asserts that in admitting that it controls the store, it did not admit that it was responsible for maintaining the relevant floor area and that its decision to refrain from filing a cross-claim or asserting comparative fault against its co-defendants does not support plaintiff's argument that Flint Hills Mall is a dispensable party.

Considering the relevant factors in Rule 19(b), Flint Hills Mall is an indispensable party and the Court may not dismiss it to perfect diversity. First, dismissal of Flint Hills Mall would unfairly prejudice the other defendants because it is not clear which (if any) defendants were responsible for maintaining the floor area where plaintiff fell, and she alleges that defendants are jointly and severally liable. Second, it is not clear that the Court could shape its judgment to avoid or lessen this prejudice, and plaintiff does not offer any suggestions on how it might do so. Third, if the evidence reflects that Flint Hills Mall is the responsible party, the Court would be unable to render an adequate judgment in its absence. Finally, nothing precludes plaintiff from bringing her case in state court.

In sum, plaintiff has not shown that Flint Hills Mall is a dispensable non-diverse party. Because the parties are not completely diverse, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and must dismiss this case.

**IT IS THERFORE ORDERED** that Defendant J.C. Penney's Motion To Dismiss Under Rule 12(b)(1) And 28 U.S.C. § 1332 For Lack Of Subject Matter Jurisdiction And Suggestions In Support (Doc. #10) filed October 7, 2019 is **SUSTAINED**.

Dated this 22nd day of January, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil

KATHRYN H. VRATIL
United States District Judge

